## In the Matter of Bruce E. CISSNA.

### No. 780S222.

Supreme Court of Indiana.

Feb. 11, 1983.

William E. Statham, Evansville, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Disciplinary Commission for the Indiana Supreme Court and Bruce E. Cissna, Respondent herein, have tendered to this Court a Statement of Circumstances and Conditional Agreement for Discipline pursuant to Admission and Discipline Rule 23, Section 11(d). The Respondent has also submitted the requisite affidavit pursuant to Admission and Discipline Rule 23, Section 17(a). This Court, upon examination of all matters filed in this cause now finds that the agreement of the parties should be accepted and approved.

Accordingly, this Court finds that the Respondent was admitted to the Indiana Bar on October 9, 1974. He maintains an office for the practice of law in Dale, Indiana.

In July, 1978, the Respondent was retained to and did incorporate D & S Coal, Inc. in Indiana. The majority stockholder and officer was Ralph Della Morta. He was issued 86 of the 100 outstanding shares and the remaining 14 shares were issued to his children. The Respondent's fee for this service was paid by the corporation.

Thereafter, D & S Coal and Della Morta, in his capacity as an officer thereof, were sued by the Spencer Planning Commission to enjoin alleged violations of an ordinance prohibiting strip mining. The Respondent appeared for both but was paid by the corporation.

On or about February 26, 1979, D & S Coal and one, Joe Mullen, entered into an option to purchase stock. The Respondent prepared the option. However, there was no set price and the option was not approved by a meeting of either the shareholders or directors. At Respondent's request, Della Morta delivered to him the corporate minute book which contained all issued shares of the capital stock of D & S Coal. Della Morta signed the back of the stock certificates issued to him in blank.

On that same date Della Morta left his family and went to Florida. He took with him approximately $90,000 of checks payable to the corporation, which were issued by customers. He deposited the checks in his personal bank account in Evansville, Indiana.

With the consent of the other stockholders, the Respondent attempted to stop payment on the checks and was successful with approximately $70,000. Mullen, hearing of the taking of said funds, informed the Re-

**852**

spondent that he did not intend to exercise his option.

Thereafter, being of the opinion that Della Morta intended to relinquish his interests and position with D & S Coal, the Respondent organized a meeting of the stockholders. Marcia Della Morta was elected president and Ralph Della Morta's certificates were cancelled and placed as treasury stock of D & S Coal, Inc.

Della Morta returned and, through an attorney, demanded back all corporate records. The Respondent refused such demands. The Respondent also received a letter from Mullen's attorney demanding that they proceed with the purported option. A member in Respondent's law firm refused to transfer the corporate stock of D & S Coal, Inc. to Mullen.

In March, 1979, the Respondent commenced divorce proceedings on behalf of Marcia Della Morta. On April 30, 1979, a property settlement agreement involving the D & S Coal, Inc. stock was executed by the parties. At that time the Respondent tendered to said parties a release which purported to relieve him and the firm with which he was associated from any liability.

By the foregoing conduct the Respondent was engaged in multiple employment when the exercise of his independent professional judgment was likely to be adversely affected, in violation of Disciplinary Rule 5–105(A) and (B). Said conflict first appeared when the interests of the corporation and Della Morta came into conflict. The Respondent then proceeded to attempt to exonerate himself and to limit his liability in violation of Disciplinary Rule 6–102(A). Such conduct further reflects adversely on Respondent's fitness to practice law and is violative of Disciplinary Rule 1–102(A)(6).

The Respondent's representation of a husband in a prior non-related matter, his representation of the family corporation and his subsequent representation of the wife in a marriage dissolution matter where the corporate assets became the subject of the property settlement agreement, portray the sort of division of loyalties that is prohibited by the rules of ethics. Respondent further aggravated his misconduct by attempting to exonerate himself.

In light of the foregoing considerations, we find that the agreed discipline, a public reprimand is appropriate. Therefore, it is hereby ordered that the Respondent be and he hereby is reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.